NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGED SALEH MOHAMMED SHAIBI, | No. 19-16633 |
| Petitioner, | D.C. No. 1:18-cv-00056-BAM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Respondent. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted February 9, 2021[**]
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,[***] District Judge.

Maged Saleh Mohammed Shaibi appeals from the district court's order

affirming the decision of the Commissioner of Social Security denying his claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

disability insurance benefits. "We review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shaibi contends the Administrative Law Judge (ALJ) erred in crediting the testimony of a vocational expert (VE), who testified at the administrative hearing that a significant number of jobs existed in the national economy that someone with Shaibi's residual functional capacity (RFC) could perform. Shaibi argues the VE's testimony was unreliable because he could not provide reasons for crediting the data source he used to identify the number of jobs available in the national economy. He also contends the VE's testimony impermissibly conflicted with the Dictionary of Occupational Titles (DOT).

Shaibi's argument that the VE had to explain the underlying data source's reliability for the ALJ to rely on his testimony lacks merit.[1] Shaibi did not challenge the VE's expert qualifications. The VE had over 30 years of professional experience and held the certification as a vocational rehabilitation counselor. The Supreme Court has noted that VEs have the expertise and knowledge of the various "working

---

[1] Shaibi's counsel's own lay interpretation of the raw data does not undermine the reliability of VE's expert testimony, and Shaibi offered no other expert testimony to rebut the VE's testimony on this issue.

conditions and physical demands of various jobs" and their prevalence in the national economy. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quotations and alterations omitted). In support of their testimony, VEs may use a variety of data sources including "publicly available sources," information from employers, or "their own 'experience in job placement or career counseling.'" *Id.* at 1152-53 (citing SSR 00-4p, 65 Fed. Reg. 75760 (2000)). "Given its inherent reliability, a qualified [VE's] testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford*, 950 F.3d at 1160 (citations omitted). It is this expertise that "provides the necessary foundation for his or her testimony" and "no additional foundation is required." *Id.* at 1158 (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)). Here, the ALJ could credit the VE based on his experience and his valid reliance on government data.

Shaibi next argues that the ALJ failed to sufficiently address the conflict between the Dictionary of Occupational Titles and the VE's testimony. "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

In this case, although the ALJ limited Shaibi to sedentary exertion, the VE identified jobs that Shaibi could perform that the DOT classified at the medium or

light level of exertion. But the VE explained why he deviated from the DOT. He noted that the DOT categorizes those jobs at the highest exertional level at which they are generally performed but that the jobs he identified (hand packager and small parts assembler) exist at the sedentary exertional level. The number of jobs the VE identified for those occupations was only for the sedentary level of exertion, consistent with Shaibi's RFC, and not at the highest levels for those occupations as classified by the DOT. The VE thus sufficiently explained the difference.

In conclusion, the ALJ properly relied on the VE for the prevalence of jobs that someone with Shaibi's RFC could perform, and he adequately explained the conflict between the VE's testimony and the DOT.

**AFFIRMED.**